UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SPINIELLO COMPANIES,**<br><br>Plaintiff,<br><br>v.<br><br>**MOYNIER et al.,**<br><br>Defendants. | Civ. No. 2:13-5145<br>(KM)(SCM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

  This matter comes before the court on the motion (ECF No. 10) of Defendant Priscilla Moynier ("Moynier") to dismiss the Complaint (ECF No. 1) of Plaintiff Spiniello Companies ("Spiniello"). Spiniello filed this Complaint alleging that Moynier deleted data from her work laptop prior to her resignation for her own gain and for the benefit of currently unknown individuals and entities, with whom she conspired. Spiniello alleges (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) violation of the New Jersey Computer-Related Offenses Act, N.J.S.A. § 2A:38A-3; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) breach of duty of loyalty; and (6) trespass to chattels.

  Defendant Moynier moves (1) to dismiss the Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (3) to dismiss the Complaint for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative to transfer venue under 28 U.S.C. § 1404(a).

For the reasons set forth below, the motion to dismiss is **denied as moot** and the motion to transfer venue to the Central District of California is **granted**.

## I. BACKGROUND[1]

Spiniello brings this action against Moynier, fictitious individuals John Does (1–10), and fictitious entities ABC Corps. (1–10). Spiniello is a California corporation with headquarters and a principal place of business in New Jersey. (Compl. ¶4). Moynier is a California resident and was the Office Manager at Spiniello's California office from February 2011 to July 2013. (Compl. ¶1, 5; Moynier Decl. ¶2, ECF No. 10-2). "John Does (1–10) and ABC Corps. (1–10) are fictitious names for individuals and entities" who allegedly "conspired with, orchestrated, facilitated, or otherwise benefited from the conduct being alleged against [Moynier], but whose names or involvement are not known to Spiniello at this time." (Compl. ¶6).

Spiniello issued Moynier a laptop and mobile device. (*Id.* ¶12). Moynier's duties included "reviewing and modifying bid documents, ensuring bid compliance with certain regulatory guidelines, estimating the appropriate amount to bid for certain projects, and managing accounts payable for successful bids." (*Id.* ¶13). Spiniello gave Moynier access to confidential and proprietary Spiniello information, and Moynier entered into a Confidentiality Agreement ("Agreement") with Spiniello on February 22, 2011. (*Id.* ¶¶14–15). The relevant provisions of the Agreement are as follows:

> [Section 3.4.4] In exchange for being given the Company's Trade Secrets and Confidential Information, and in connection with the consideration of his employment with the Company, Employee agrees that such Trade Secrets and

---

[1] The facts are taken primarily from the Complaint (ECF No. 1). The parties also rely in part on limited jurisdictional discovery ordered by then-Magistrate Judge Madeline Cox Arleo on November 26, 2013. (ECF No. 17).

> Confidential Information are to be used by him solely and exclusively for the purpose of conducting business on behalf of the Company or its affiliated companies. Employee agrees to keep such Trade Secrets and Confidential Information confidential and not to divulge or disclose this information except for the purpose of conducting business on behalf of Employer or its affiliated companies. If Employee resigns or is terminated from his employment for any reason, he agrees to immediately return all Confidential Information, including Confidential Information maintained by him in his office, personal electronic devices, and/or at home, and to continue to maintain the confidentiality of all Trade Secrets and Confidential Information, whether or not in written form.
>
> [Section 3.4.6] All memoranda, notes, lists, records, property and any other tangible product and documents (and all copies thereof), whether visually perceptible, machine-readable or otherwise, made, produced or compiled by the Employee or made available to the Employee concerning the business of the Company or its affiliates, (i) shall at all times be the property of the Company (and, as applicable, any affiliates) and shall be delivered to the Company at any time upon its request, and (ii) upon the Employee's termination of employment, shall be immediately returned to the Company.

(*Id.* ¶¶16–17). The Agreement is to be interpreted under New Jersey law. (*Id.* ¶18). Spiniello also gave Moynier a handbook (the "Handbook"), which provided that "E-mail messages (sent and received) using Company communications equipment are the property of the Company, including emails sent on personal email providers including gmail, yahoo, aol, and hotmail." (*Id.* ¶20).

On July 19, 2013, Moynier resigned from Spiniello. (*Id.* ¶21). Before resigning, Moynier allegedly deleted 11.9 GB of data from her Spiniello laptop, including over 100 files in a "BID STUFF" folder, which contained materials relating to several projects on which Spiniello was actively bidding. (*Id.* ¶¶22–24). The deleted data included over 11 GB of emails, "which represented substantially all of the emails that Moynier had sent and received using her Spiniello email address during the over two years she was employed by Spiniello." (*Id.* ¶25). Although Spiniello

has used "extensive forensic resources" to recover some of the data, portions of the data that had been overwritten may be unrecoverable. (*Id.* ¶27).

Spiniello alleges that Moynier deleted this data "in order to prevent Spiniello from discovering that she had engaged in illegal activities in order to personally enrich herself, John Does (1–10), and/or ABC Corp. (1–10)," and "to prevent Spiniello from discovering that she had violated the terms of her Confidentiality Agreement." (*Id.* ¶¶28–29). Before deleting this data, Moynier allegedly connected a USB Memory Stick to her laptop and downloaded a copy of the deleted information "for her own personal use, and/or for the benefit of John Does (1–10) and/or ABC Corps (1–10)." (*Id.* ¶30).

Spiniello alleges (1) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (2) violation of New Jersey Computer-Related Offenses Act, N.J.S.A. § 2A:38A-3; (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) breach of duty of loyalty; and (6) trespass to chattels. (*Id.* ¶¶32–72).

Spiniello asserts that this Court has original jurisdiction over the alleged CFAA violations under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. (*Id.* ¶7–8). Spiniello claims venue is proper under 28 U.S.C. § 1391(b)(2) "because 'a substantial part of the events or omissions giving rise to the claim occurred' in New Jersey." (*Id.* ¶9).

Defendant Moynier now moves to dismiss the Complaint (1) for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); (2) for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2); and (3) for improper venue under Fed. R. Civ. P. 12(b)(3), or moves in the alternative to transfer venue under 28 U.S.C. § 1404(a). Because Moynier's first argument is directed to the merits, and to the face of Count One, it is

4

more properly considered pursuant to Fed. R. Civ. P. 12(b)(6), rather than Fed. R. Civ. P. 12(b)(1). (Pl. Br. 1; Def. Br. 1 n.1 (noting then-Magistrate Judge Arleo's ruling that Moynier's motion to dismiss for lack of subject matter jurisdiction is more appropriately considered as one for failure to state a claim)).[2]

## II. DISCUSSION

This Court will not reach Moynier's motions to dismiss for failure to state a claim or for lack of personal jurisdiction. Because venue is improper in the District of New Jersey, this case will be transferred to the Central District of California.

### a. Improper Venue

28 U.S.C. § 1391(b) instructs that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The parties appear to agree that alternatives (1) and (3) have no application here. Spiniello asserts that venue is appropriate because New Jersey is "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.*

---

[2]   Moynier's motion states that "Count I should be dismissed for failure to state a claim, and, as a result, the entire Complaint should be dismissed for lack of subject matter jurisdiction." I take her to be saying that, once the federal law cause of action is dismissed for failure to state a claim, the state law causes of action should be dismissed under the supplemental jurisdiction statute, 28 U.S.C. § 1367.

The Third Circuit has repeatedly held that "in determining whether a substantial part of the events or omissions giving rise to a cause of action occurred in a specific jurisdiction, '[t]he test . . . is not the defendant's contacts' with a particular district, but rather the location of those events or omissions giving rise to the claim." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (not precedential; quoting *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "'[I]n assessing whether events or omissions giving rise to the [plaintiff's] claims are substantial, it is necessary to look at the nature of the dispute.'" *Id.* (quoting *Cottman*, 36 F.3d at 295). The Third Circuit has "observed that the venue provision 'favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial,' and that '[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* (quoting *Cottman*, 36 F.3d at 294 and citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979)).

In *Bockman*, the Third Circuit found that "defendants satisfied their burden of showing improper venue by offering evidence that the wrongful acts alleged in the Complaint did not occur in" the district court in which the action was brought. *Id.* The plaintiffs' recital of the defendants' "general contacts" with the forum did "not alone suffice for the analysis of venue." *Id.* Such "contact" information "fails to show the jurisdiction where the acts or omissions giving rise to the Complaint occurred." *Id.*

Both parties cite to Judge Cecchi's September 30, 2014 opinion in *Spinello[3] Companies v. Silva*, No. CIV.A. 13-5146, 2014 WL 4896530 (D.N.J. Sept. 30, 2014) for subject matter jurisdiction arguments. (*See*

---

[3] Spiniello's name has been misspelled as "Spinello" in this and other cases involving the company in this district.

Letters, ECF Nos. 27, 28, 29).

In *Silva*, Spiniello sued another out-of-state employee, alleging that he had improperly used his high-level position in the company to divert business to his own benefit. Judge Cecchi found that venue was proper for four reasons:

> Defendant Silva (1) was a high-ranking employee who often worked from the New Jersey office; (2) reported directly to the New Jersey office for approval of contracts and bids; (3) regularly traveled to Plaintiff's New Jersey headquarters on behalf of Plaintiff; and (4) [Silva and his own business, to which he allegedly diverted Spiniello customers] accepted a loan from Plaintiff in New Jersey.

*Silva*, 2014 WL 4896530, at *2 (internal citations omitted). Based on these factors, Judge Cecchi concluded that "Plaintiffs have shown that substantial events or omissions underlying the dispute occurred in New Jersey, and venue is proper here." *Id.* (citing 28 U.S.C. § 1391(b)(2)).

Because Judge Cecchi found that venue was proper, it is instructive to compare that case to this one. In *Silva*, Spiniello alleged that the defendant

> (1) awarded subcontracts to [his own business] without disclosing his financial interest in the company; (2) diverted [Spiniello's] confidential bid opportunities to [his own company]; and (3) diverted [Spiniello's] confidential information to [his own company] by forwarding the confidential information from his work email address to his personal email address, and by improperly modifying files on [Spiniello's] servers.

*Id.* (internal citations omitted). Silva, a high-level employee, had travelled to New Jersey often, worked from Spiniello's New Jersey office often, and accepted a loan from Spiniello in New Jersey for the very company to which he was accused of diverting business

~~The allegations in this case are quite different. Here, Moynier is~~ accused of deleting data from her work laptop. That act was performed in

California, by a resident of California, who worked in a California office. Thus, "the location of [the] events . . . giving rise to the claim" is California. *Bockman*, 459 F. App'x at 161; *Cottman*, 36 F.3d at 294. True, Moynier communicated with Spiniello's New Jersey office regarding bids via telephone and email, and she has physically been to the New Jersey office three times in connection with her employment: for her interview with Spiniello, for a yearly meeting, and for training. (Def. Br. 27 (citing Moynier Dep. Tr. 23:12–27:24, ECF No. 21-1)); (Moynier Dec. ¶3). But none of these visits are associated with the events that give rise to Spiniello's claim against Moynier.

Spiniello cites a case from this district, *Calkins v. Dollarland, Inc.*, for the proposition that "[t]he venue statute requires only that a 'substantial part' of the underlying activities occur in the forum state, and it is of no moment that 'the activities in [another state] were more substantial, or even the most substantial." (Def. Br. 26 (citing *Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 426 (D.N.J. 2000))). And of course I have no quarrel with the notion that a district may have venue "where an illegal action was repeated in more than one state and venue was laid in a state that accounted for only a small number of those actions." *Id.* Here, however, none of the actionable conduct occurred in New Jersey.

Spiniello also cites *Omega Fin. Servs., Inc. v. Innovia Estates & Mortgage Corp.*, No. CIV.A. 07-1470 (JAG), 2007 WL 4322794 (D.N.J. Dec. 6, 2007). In that case, a New Jersey mortgage lender sued a California defendant based on fraudulent representations in a mortgage loan application. *Id.* at *1. There, however, the out-of-state defendant had submitted the false application to the New Jersey lender, and that submission was the very essence of the tort. The acts giving rise to Spiniello's claims, however, did not involve doing anything in, or sending anything to, New Jersey.

In short, this is not a case of actionable conduct that occurred

8

wholly or partly in the forum state of New Jersey. Moynier allegedly communicated with the New Jersey office, and visited New Jersey three times on Spiniello business. (Moynier Dec. ¶3). Those New Jersey-related acts, however, did not relate to the alleged wrongdoing: the alleged misuse of her company laptop computer. In that connection, it is important to keep in mind the distinction between New Jersey contacts (which may give rise to personal jurisdiction) and New Jersey "events or omissions giving rise to the claim" (which may support venue). *See Bockman*, 459 F. App'x at 161.

Spiniello further argues that it felt "the impact" of Moynier's acts in New Jersey (Pl. Br. 27) Nevertheless, the acts themselves occurred in California. If "feeling the impact" were enough, then venue would almost always be appropriate in the plaintiff's home state.

Moynier has satisfied her burden of showing that venue is not proper in the District of New Jersey, because none of the "events or omissions giving rise to the claim" occurred here. 28 U.S.C. § 1391(b).

### b. Transfer

If a court determines that venue has been improperly laid within its district, 28 U.S.C. § 1406(a) confers discretion to transfer the case or dismiss it. "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Thus, if the court finds that the interests of justice would be served, it may transfer the case to a proper venue. *See NCP Credit Corp*, 17 F. Supp. 2d at 319. ("By allowing for transfer in lieu of dismissal, [§ 1406(a)] was designed to prevent any injustice from occurring and save time and resources, should a plaintiff erroneously choose the wrong forum in which to bring

an action.").

To effectuate a § 1406(a) transfer to a proper venue, a court must possess subject matter jurisdiction over the case. *See* C. Wright, A. Miller, et al., 14D Fed. Prac. & Proc.: Juris. § 3827 (4th ed.) ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action ....").[4] This court does have federal-question subject matter jurisdiction. *See* 28 U.S.C. § 1331. Count One of the complaint, on its face, states a claim of violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Moynier's argument that the court lacks "jurisdiction" is really more akin to a Rule 12(b)(6) motion to dismiss. *See* n.2, *supra*.

Personal jurisdiction over the defendant, unlike subject matter jurisdiction, is not a prerequisite to a transfer of venue. *See Goldlawr*, 369 U.S. at 466 (holding that Section 1406(a) "is amply broad enough to authorize the transfer of [a case] . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."). And that issue will likely be wholly mooted by a transfer to the Central District of California, where defendant is located.

This action could originally have been brought in the Central District of California, pursuant to 28 U.S.C. § 1391(b)(2). Venue would have been, and is, proper there because a substantial part of the alleged computer access abuse giving rise to Spiniello's claims occurred there. I will therefore order that this case be transferred to the Central District of California.

---

[4] Wright & Miller go on to note that, where the defect in subject matter jurisdiction could be cured by transfer to the proper court, there is some authority that 28 U.S.C. § 1631 would permit such a transfer. *Id.* §§ 3827, 3842. This is not alleged to be such a case.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss the Complaint is **denied as moot** and the motion to transfer venue to the Central District of California is **granted**.

Dated: December 17, 2014

_____
**Kevin McNulty**
**United States District Judge**